Chief Justice Ropmtbok,
delivered ibe opinion of the court.
Wak.-Ro sued Mitchell and Temple ia debt on the following obligation.
, “On or before the first of January, 1838, we or either of u«, promise to pay to J. U. Waring, or order, one thousand dollars, which may be discharged in notes of the bank of the commonwealth of Kentucky,” dated June, 1825.
• The circuit court rendered judgment by default, for $lí)üü, with legal interest thereon, from the first of January, 1338.
If the contract be construed to be an undertaking to pay commonwealth’s paper and nothing else, the judg-mentis enoneous. But if it be interoreled to be a promise to pay giCO.) in specie, with a collateral con-diiion that the debt mightbe discharge 1 in bank paper, if tendered on the day fixed for payment, the judgment • may be right.
We consider the obi1 gat'on as a direct undertaking to pay $IuG0, in notes of the bank of the commonwealii. It is essentially unlike a prom'se to pay $Í0J0, which m'ght be discharged by the payment of uDOO in com-monwealtli’s no.es, if paid ¡.u-ictually. The latter contract might entitle me obligee to rilJOO, unless the ob-ligor availed himself of his privilege, by tendering the bank paper according to the cond.tion.
Whether the stipulation for paying $1000, should be considered “nominee -poenaf or whether the obligee might be relieved in equity, would depend on circumstances peculiar to each case of the kind, which might occur.
But a contract for the payment of $>1G0Q, which may be discharged in commonwealth’s notes is, in effect, an undertaking to pay $1000, in commonwealth’s notes. §uch is the popular, and as we believe, the legal import of the contract.
Contract to. pay $ 1000, which may be discharged in property, will entitle the creditor to $1000 in value; but a promise to pay $1000 in commonwealth’s bank' notes, entitles him only to thesp' devalue of such nominal amount of said notes; orto $LOOO in commonwealth’s bank notes in kind, error, to render judgment in 6uch case for nominal sumin money, or for interest.
Crittenden, for plaintiffs Wicklife and Wooley, for defendant;-
In this respect there is a material difference between bank paper and other commodities which are not current as a circulating medium. A contract to pay $1000 in ordinary property, or $1000, which may be discharged in such property, would entitle the creditor to $1000 in value. But current bank notes, though not money stridi Juris” circulate as money; are denominated money, and may, for many purposes, be considered money.
Hence, i:$1000 in bank notes” means $1000 in denomination only, and not $1000 in value- A promise to pay $1000 in commonwealth’s banknotes, will entitle the creditor to only the specie value of such notes, amounting, in denomination, to $1000; orto the nominal amount, in the notes in kind. The creditor will never be entitled to more than the notes themselves, or their value in specie. But for á breach of a similar contract, subject to be discharged in ordinary property, the creditor would be entitled to the $1(300, in specie.
In this case, the note does not entitle the obligee to more than Í1000 in commonwealth’s notes, or their value in money. The parties did not intend that $10 0 in specie should be due, unless the commonweal h’s notes should be paid or tendeied on the day; but they intended that $1000 in such noles should dischage the obligation, while it might remain in force.
Contracts should be construed with reference to their subject matter. And thus interpreting the contract in this case, we are satisfied that it is an undertaking simply to pay $1000, in notes of the bank of the commonwealth.
Such being the obligation, the circuit court erred in rendering judgment for $1000 in money; and also in giving legal interest thereon.
As the declaration is in debt for $1000, simply, the defendant in error cannot recover upon it.
Wherefore, the judgment is reversed and the cause remanded for proceedings, consistent with this opinion.